IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 16, 2026 Session

## GREEN ACRES MCH, LLC v. JATEAL PENDERGRASS

**Appeal from the Circuit Court for Anderson County**
No. 24CV0377          Ryan M. Spitzer, Judge
_____

**No. E2025-00043-COA-R3-CV**
_____

This is an unlawful detainer action in which the plaintiff landlord was awarded possession and a judgment for unpaid rent and attorney fees when the defendant lessee refused to vacate. We now affirm on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, P.J., E.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II and KRISTI M. DAVIS, JJ., joined.

Jateal Pendergrass, Harriman, Tennessee, pro se appellant.

T. Michael Craig-Grubbs, Knoxville, Tennessee, for the appellee, Green Acres MCH, LLC.


## OPINION

## I.     BACKGROUND

Green Acres MCH, LLC ("Plaintiff") and Jateal Pendergrass ("Defendant") entered into a month-to-month lease agreement, under which Defendant leased Plaintiff's real property for placement of her mobile home, conditioned upon the payment of monthly rent in the amount of $350 for a period of two years, after which the payment was set to increase to $425. The primary term of the agreement began on October 1, 2022, with the expiration of the term set to expire on the last day of the same month, e.g., October 31, 2022.

Upon expiration of the primary term, the agreement provided for an automatic renewal of the lease on a month-to-month basis "unless either party gives written notice of termination at least 30 days before the lease contract term or renewal period ends." The termination clause in the agreement likewise provided that Defendant's right to occupancy "shall terminate or may be terminated . . . at the end of the term of this [a]greement on thirty (30) days' written notice by either Lessor or Lessee."

On January 31, 2024, Plaintiff provided Defendant with 30 days' notice of lease termination in accordance with the agreement, with instruction to vacate the premises on or before February 29, 2024. Defendant refused to vacate.

On May 28, 2024, Plaintiff filed this unlawful detainer action in Anderson County General Sessions Court, requesting unpaid rent, possession of the real property, and removal of the mobile home. Defendant argued that Plaintiff wrongfully refused her attempt to remit payment in an attempt to regain possession of the real property under the guise of nonpayment of rent. The General Sessions Court ruled in favor of Plaintiff and entered a judgment of possession and unpaid rent of $691, plus attorney fees. Defendant appealed to the Anderson County Circuit Court.

Following the hearing, the Circuit Court ruled in favor of Plaintiff and entered a judgment of possession and unpaid rent of $4,351.93, plus attorney fees in the amount of $1,000. The court provided Defendant 60 days to remove the mobile home and vacate the premises. Defendant then filed this timely appeal.

## II.    ISSUES

We consolidate and restate the determinative issues on appeal as follows:

(A)    Whether this appeal should be dismissed for failure to adhere to the Tennessee Rules of Appellate Procedure.

(B)    Whether the trial court erred in entering judgment in favor of Plaintiff.

(C)    Whether Plaintiff is entitled to attorney fees on appeal.

## III.    STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). This presumption of correctness applies only to findings of fact and not to conclusions of law.

*Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). "The interpretation of a contract is a matter of law that requires a de novo review on appeal." *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999) (citing *Hamblen Cnty. v. City of Morristown*, 656 S.W.2d 331, 335–36 (Tenn. 1983)).

## IV.   DISCUSSION

### A.

As a threshold matter, Plaintiff requests dismissal of the appeal as a result of Defendant's failure to adhere to the Tennessee Rules of Appellate Procedure. We begin by acknowledging Defendant's status as a pro se litigant. It is well-settled that "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case[s] to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (internal citations omitted). We acknowledge that the one-page brief presented by Defendant is woefully deficient in that it does not contain many of the necessary elements required by Rule 27 of the Tennessee Rules of Appellate Procedure. However, the issue presented before this court is solely dependent upon the interpretation of the lease agreement, a contract. Plaintiff also requests an award of attorney fees on appeal pursuant to the terms of the lease agreement, which necessitates a finding that Plaintiff is entitled to such an award as the prevailing party in an action to enforce the terms of the agreement. Accordingly, in spite of the deficiencies in the brief, we exercise our "discretion to suspend or relax some of the rules for good cause" in order to consider the merits of this appeal. *Paehler v. Union Planters Nat. Bank*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997).

### B.

Defendant agrees on appeal that Plaintiff was entitled to possession of the premises in accordance with the agreement; however, she claims that she cannot be held liable for the payment of back rent when Plaintiff refused to accept her offer of payment during the pendency of the proceedings. She claims that Plaintiff would not have been able to proceed with eviction proceedings if Plaintiff had not prevented her from remitting payment.

Our Supreme Court explained the principles of contract interpretation as follows:

When resolving disputes concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and

ordinary meaning of the contractual language. If a contract's language is clear and unambiguous, then the literal meaning of the language controls the outcome of the contract dispute. Additionally, all provisions in the contract should be construed in harmony with each other, if possible, to promote consistency and to avoid repugnancy between the various provisions of a single contract.

*Teter v. Republic Parking Sys., Inc.*, 181 S.W.3d 330, 342 (Tenn. 2005) (internal quotations and citations omitted). Here, the lease agreement provided that Plaintiff was entitled to terminate the lease with 30 days' written notice. Plaintiff was not required to provide a reason for termination and the acceptance of rent during the termination period would not have extended the lease term.[1] Defendant likewise agreed that her obligation to remit payment was not "waived, released[,] or terminated by the service of [the] notice to vacate" or the institution of these proceedings. Defendant's refusal to vacate necessitated the institution of these unlawful detainer[2] proceedings, which tasked the trial court with entering a judgment of possession and determining the arrearage of rent, interest, and damages. Tenn. Code Ann. § 29-18-125. Accordingly, we affirm the trial court's entry of the judgment of possession and award of unpaid rent in the amount of $4,351.93, plus attorney fees in the amount of $1,000.

## C.

Plaintiff requests an award of attorney fees on appeal in accordance with the terms of the lease agreement. Tennessee follows the American Rule which provides that "litigants pay their own attorney[] fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). "[P]arties who have prevailed in litigation to enforce their contractual rights are entitled to recover their reasonable attorney[] fees once they demonstrate that the contract upon which their claims are based contains a provision entitling the prevailing party to [such] fees." *Eberbach v. Eberbach*, 535 S.W.3d 467, 474 (Tenn. 2017) (citation omitted). The lease agreement provides that if either party is required to employ counsel to enforce the terms of the agreement, then the prevailing party shall recover "all reasonable attorney fees incurred." Accordingly, we grant Plaintiff an award of attorney fees incurred on appeal, the amount of which the trial court shall determine upon remand.

---

[1] The agreement provided, "The acceptance of any rentals or other sums due shall not be construed as a waiver of any default or breach by Lessee, nor shall such acceptance reinstate, continue or extend the term of this Agreement of affect any notice, demand or suit in connection with such Agreement."

[2] "Unlawful detainer is where the defendant enters by contract [as a tenant and] willfully and without force, holds over the possession from the landlord . . . ." Tenn. Code Ann. § 29-18-104.

## V. CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court and remand for the collection of damages and the assessment of attorney fees incurred on appeal in accordance with the terms of the lease agreement. Costs of the appeal are taxed to the appellant, Jateal Pendergrass.


s/John W. McClarty

JOHN W. McCLARTY, JUDGE